# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM R. GRONEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No: 06 C 0523 |
| v. ) | Magistrate Judge Cole |
| ) | |
| MICHAEL J. ASTRUE,[1] Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Mr. Groneman applied for Disability Insurance Benefits on April 11, 2003, and for Supplemental Security Income on March 20, 2003. He claimed that he became disabled as of February 4, 2003. After the Social Security Administration denied his claims initially and upon reconsideration, Mr. Groneman requested an administrative hearing before an administrative law judge ("ALJ"). Following that hearing, the ALJ found that Mr. Groneman could perform sedentary to light work, and was not disabled under the Social Security Act. 42 U.S.C. § 423(d)(2); 1382c(a)(3). The appeals council denied Mr. Groneman's request for review, and he appealed the decision to this court under 42 U.S.C. § 405(g). On March 9, 2007, I reversed and remanded the decision denying Mr. Groneman benefits, citing the ALJ's failure to make an adequate credibility determination. *See Groneman v. Barnhart*, 2007 WL 781750 (N.D.Ill.2007).

Mr. Groneman seeks attorneys' fees and costs in the amount of $4014.70 pursuant to the

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Fed.R.Civ.P. 25(d), Michael J. Astrue, in his official capacity only, is substituted as the defendant in this action.

Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(a);(d). Because the Commissioner has failed to meet his burden of demonstrating that his position was substantially justified, Mr. Groneman's application for fees and cost is granted, albeit in a reduced amount.

The EAJA provides that a district court may award attorney's fees when (1) the claimant is a "prevailing party"; (2) the government's position was not substantially justified; (3) no "special circumstances make an award unjust"; and (4) the fee application is submitted to the court within 30 days of final judgment and is supported by an itemized statement. 28 U.S.C. § 2412 (d)(1)(a). Here, there is no question that Mr. Groneman is the prevailing party, no "special circumstances" are alleged, and the fee application was timely. The only issue here is whether the Commissioner's position was substantially justified and amount of the fee award.

The Commissioner bears the burden of proof on that issue. *Scarborough v. Principi*, 541 U.S. 401, 416 (2004); *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Supreme Court has defined the phrase "substantially justified" as meaning "justified in substance or in the main." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The Seventh Circuit has held that for a position to be substantially justified, it must have a "reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Golembiewski*, 382 F.3d at 724. The court has also set out a three-part standard for reviewing EAJA petitions. *United States v. Hallmark Construction*, 200 F.3d 1076, 1080 (7th Cir. 2000). It requires the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Id.* After a review of the Commissioner's position and his argument against Mr. Groneman's fee application, I conclude that an award of fees and costs is appropriate in

this case.

To demonstrate that his position was substantially justified, the Commissioner submits that the ALJ's decision was supported by substantial evidence, and that:

> [t]he ALJ expressly addressed Plaintiff's credibility, and his decision reflects that he considered all of the important evidence of record. Although the Court held that the ALJ did not adequately articulate the reasoning for his credibility determination, Defendant submits that such a deficiency in articulation alone does not establish a lack of substantial justification sufficient to give rise to fees under EAJA.

(*Defendant's Response to Plaintiff's Motion*, at 2-3). The Commissioner spends barely two paragraphs and fails to cite any legal authority to support his position that he had a substantial justification for denying Mr. Groneman benefits.[2] Such arguments – undeveloped and not supported by legal authority – may be rejected as waived or insufficient. *Kramer v. Banc of America Securities, LLC*, 355 F.3d 961, 964 (7th Cir. 2004), *United States ex rel. Feingold v. AdminiStar Federal, Inc.*, 324 F.3d 492, 494 (7th Cir. 2003); *IFC Credit Corp v. Aliano Brothers General Contractors, Inc.*, 437 F.3d 606, 610-611 (7th Cir. 2006).

Even if the Commissioner had fully developed his argument, he would fail to meet his burden. His brief discussion ignores the language of the Memorandum Opinion and Order. *See Golembiewski*, 382 F.3d at 724. ("Strong language against the government's position in an opinion

---

[2] Inadequate articulation was not the sole basis for my reversal and remand of the ALJ's decision in this case. *See, infra*. But even if it were, the Seventh Circuit has stated that there is no *per se* rule precluding attorney's fees whenever the alleged error is the failure to articulate. *Conrad v. Barnhart*, 434 F.3d 987, 991 (7th Cir. 2006). Fees have been awarded on that very basis. *See, e.g., Herron v. Barnhart*, 2004 WL 1397547, *3 (N.D.Ill. 2004). Perhaps that is the reason for the Commissioner's failure to cite any legal authority to support its position.

3

discussing the merits of a key issue is evidence in support of an award of EAJA fees."); *Marcus v. Shalala*, 17 F.3d 1033, 1038 (7th Cir. 1994)(court's language indicated that it "did not even consider the issue to be a close one."). Here, I specifically found that the ALJ improperly "ground[ed] his credibility finding in an observation or argument that is unreasonable or unsupported" and that his reasoning was logically flawed, which required that his finding be reversed. *(Memorandum Opinion and Order*, at 20, *citing Sims v. Barnhart*, 442 F.3d 536, 538 (7th Cir. 2006); *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004)). A position that is unreasonable, by definition, warrants an EAJA award. *Golembiewski*, 382 F.3d at 724; *Hallmark Construction*, 200 F.3d at 1080.

I found the ALJ's position unreasonable because of the manner in which he addressed Mr. Groneman's credibility. Of course, I recognize that an ALJ's credibility determination is usually entitled to "considerable deference." When such determinations rest on objective factors or errors in reasoning rather than demeanor, review is not so limited. *See Groneman*, 2007 WL 781750 at *10 (collecting cases); *Suarez v. Barnhart*, 2006 WL 3505845 at *8 (N.D.Ill. 2006);. Here, the ALJ rejected Mr. Groneman's complaints of disabling pain for just two reasons, both of which could be evaluated by a review of the cold record: "minimal treatment and lack of follow through with medication." (*Memorandum Opinion and Order*, at 20, citing Administrative Record, at 20). A review of the record demonstrated that those reasons were "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006).

The record revealed that Mr. Groneman did not receive "minimal treatment" for his pain, but undertook a "medical oddysey" that included surgery, a variety of medications, injection treatments, chiropractic manipulation, electrical stimulation, and pain counseling, in his quest for relief. (*Memorandum Opinion and Order*, at 20-22). The record also revealed that the ALJ improperly

4

ignored Mr. Groneman's explanations for his "lack of follow through with medication." (*Memorandum Opinion and Order*, at 22-23, citing SSR 96-7p; *Ribaudo v. Barnhart*, 458 F.3d 580. 585 (7th Cir. 2006)). The reasons that the ALJ provided for rejecting Mr. Groneman's complaints were simply not supported by the evidence. As such, the Commissioner's position was not substantially justified.

In addition, the ALJ also failed to discuss evidence that directly contradicted his conclusion. The medical expert in this case, Dr. Leigh, testified that Mr. Groneman's complaints of pain were not only consistent with the medical evidence, but that he "doubt[ed]" it would allow Mr. Groneman to show up to work on a consistent basis. (*Memorandum Opinion and Order*, at 23). Given Dr. Leigh's testimony, the vocational expert then explained that a person cannot sustain employment if they are absent more than two days a month. (*Id.*). The ALJ did not discuss this evidence, and did not explain why he rejected it. An ALJ may not simply ignore an entire line of evidence that runs contrary to his decision. *Golembiewski v. Barnhart*, 322 F.3d 912, 917 (7th Cir. 2003); *Zurawski v. Halter*, 245 F.3d 881, 888 (7th Cir. 2001). This is another reason that the Commissioner's position was not substantially justified. An award of fees and costs under the EAJA is clearly appropriate in this case.

The amount of fee awards is left to the discretion of the district court because of its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Yet a "district court may not arbitrarily reduce the number of hours requested; if it reduces hours it should provide a 'concise but clear explanation.'" *Smith v. Great American Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir.1992) (quoting *Tomazzoli v. Sheedy*, 804 F.2d 93, 97 (7th Cir.1986)). That means more than

merely "eyeball[ing] the request and if it seems excessive cut[ting] it down by an arbitrary percentage." *Heiar v. Crawford County, Wis.*, 746 F.2d 1190, 1204 (7th Cir.1984).

It is Mr. Groneman's burden to demonstrate that his fee request is reasonable and to support it with adequate documentation. *Hensley*, 461 U.S. at 437; *Banks v. Barnhart*, 2003 WL 22019796, *5 (N.D.Ill. Aug. 26, 2003); *Crawford v. Barnhart*, 2002 WL 31049851, *1 (N.D.Ill. Sept. 12, 2002) The Commissioner objects to Mr. Groneman's attorney as billing for tasks that were largely ministerial in nature, although he only specifically addresses one such instance. The Commissioner also complains about billings for a cancelled status hearing and phone calls between attorney and client. After a review of the fee application, I find that $523.25 of the request must be disallowed.

When reviewing a fee application, "the court should disallow not only hours spent on tasks that would normally not be billed to a paying client, but also those hours expended by counsel 'on tasks that are easily delegable to non-professional assistance.'" *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 543 (7th Cir. 1999). I find that the vast majority of entries the Commissioner calls ministerial in nature are appropriately part of an EAJA award. For example, an entry for receiving a notice that a motion for appointment of counsel was denied may sound clerical in the manner it was described, but clearly more was involved than merely "receiving." Counsel had to review the notice and determine the next move. Other entries, however, do indeed appear to reflect purely ministerial tasks and must be disallowed

One such task is the preparation and delivery of a form consenting to magistrate judge jurisdiction on March 10, 2006. Mr. Groneman's attorney, billing at $161.00 per hour, spent .75 of an hour on this "task" for a total of $120.75. There is no "preparation" necessary for a consent form – all counsel had to do was sign the form. (Dkt. # 13). Also, the delivery was the type of

matter delegable to a non-professional. This entry will be disallowed. *See, e.g. Scott v. Barnhart*, 2003 WL 1524624, *7 (N.D.Ill. Mar. 21, 2003)(eliminating clerical time); *Hedberg v. Barnhart*, 2003 WL 22859315, *3 (N.D.Ill. Dec. 2, 2003)(disallowing clerical entries).

Another such task is the preparation of an "In Forma Pauperis Petition, with instructions, for completion and signature." An attorney need not "prepare" such a form – it is available on line or from the courthouse. Mr. Groneman himself completed the form here, and while some instruction might have been helpful, 1.25 hours is excessive. (Dkt. # 4). This entry will be reduced by .75 hours for a deduction of $120.75. *See, e.g., Wilson v. Barnhart*, 2006 WL 3455071, *2 (W.D.Va. 2006)(reducing amount sought for IFP form); *Knudsen v. Barnhart*, 360 F.Supp.2d 963, 977 (N.D.Iowa 2004)(same).

The Commissioner also objects to Mr. Groneman's attorney's billing entry for attending the cancelled March 17th, 2006 status hearing before Judge Filip. The entry bills 1.75 hours – for a total of $281.75 – for a three-block walk to a hearing that did not occur. The Commissioner contends that through reasonable investigation, Mr. Groneman's attorney would have known that the case had been reassigned to me prior to Judge Filip's status hearing Counsel for the Commissioner informed Mr. Groneman's attorney that he would be requesting that the date be stricken when the case was reassigned. The order confirming the reassignment was entered into the electronic docket on March 14th, giving Mr. Groneman's counsel three days' notice of the change. (Dkt. # 15). This entry is disallowed.

Lastly, the Commissioner submits that the billing entry of 1.50 hours for telephone calls between attorney and client from January 2006 to January 2007 lacks specificity. Although "block billing" does not provide the best possible description of attorneys' fees, it is not a prohibited

7

practice. *Farfaras v. Citizens Bank and Trust of Chicago*, 433 F.3d 558, 569 (7th Cir. 2006). One supposes that each separate phone call could have been the subject of a separate billing entry, but this is the kind of "nitpicking" that is frowned upon in the earlier phases of these cases. *See Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004). In addition, billing for an hour-and-a-half for a year's worth of telephone calls is certainly not excessive – it is quite possible that 1.50 hours may even be low in this regard.

Accordingly, after these adjustments – 3.25 hours at a rate of 161.00 per hour, Mr. Groneman is entitled to a total EAJA award of $3491.45.

## CONCLUSION

The plaintiff's motion [#25] for an award of attorney's fees under EAJA is GRANTED in the amount of $3,491.45.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE: 8/1/07**